# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS (DALLAS)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**In re**

**HOOTERS OF AMERICA, LLC,** *et al.,*

**Debtors.**[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Chapter 11**

**Case No. 25-80078 (SWE)**

**(Jointly Administered)**

## SCHEDULE OF ASSETS AND LIABILITIES FOR
## HOA FRANCHISING, LLC (CASE NO. 25-80099)

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Hooters of America, LLC (5288); Owl Holdings, LLC (3103); Hawk Parent, LLC (2323); HOA Holdings, LLC (1180); Night Owl, LLC (4511); Owl Wings, LLC (4583); Owl Restaurant Holdings, LLC (7751); HOA Restaurant Group, LLC (7654); Derby Wings Holdings, LLC (8081); Derby Wings, LLC (6578); HOA Gift Cards, LLC (3684); Elf Owl Investments, LLC (3342); TW Lonestar Wings, LLC (3465); Alamo Wings, LLC (3702); HOA Holdco, LLC (8828); HOA Systems, LLC (2439); HOA Funding, LLC (4390); HOA Restaurant Holder, LLC (3883); HOOTS Restaurant Holder, LLC (5840); HOA IP GP, LLC (9555); HOOTS Franchising, LLC (8375); HOA Franchising, LLC (4451); HOA Maryland Restaurant Holder, LLC (1608); HOA Kansas Restaurant Holder, LLC (9045); TW Restaurant Holder, LLC (6927); DW Restaurant Holder, LLC (8261); HI Limited Partnership (2355); HOA Towson, LLC (1942); HOA Waldorf, LLC (5425); HOA Laurel, LLC (5010). The Debtors' service address is 1815 The Exchange SE, Atlanta, GA 30339.

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
ryan.dahl@ropesgray.com

- and -

**ROPES & GRAY LLP**
Chris L. Dickerson (admitted *pro hac vice*)
Rahmon J. Brown (admitted *pro hac vice*)
Michael K. Wheat (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
chris.dickerson@ropesgray.com
rahmon.brown@ropesgray.com
michael.wheat@ropesgray.com

*Proposed Counsel for the Debtors*

**FOLEY & LARDNER LLP**
Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Zachary C. Zahn (TX 24137675)
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
zzahn@foley.com

*Proposed Co-Counsel for the Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>Hooters of America., *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 25-80078 (SWE)<br><br>(Jointly Administered) |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Hooters of America, LLC (5288); Owl Holdings, LLC (3103); Hawk Parent, LLC (2323); HOA Holdings, LLC (1180); Night Owl, LLC (4511); Owl Wings, LLC (4583); Owl Restaurant Holdings, LLC (7751); HOA Restaurant Group, LLC (7654); Derby Wings Holdings, LLC (8081); Derby Wings, LLC (6578); HOA Gift Cards, LLC (3684); Elf Owl Investments, LLC (3342); TW Lonestar Wings, LLC (3465); Alamo Wings, LLC (3702); HOA Holdco, LLC (8828); HOA Systems, LLC (2439); HOA Funding, LLC (4390); HOA Restaurant Holder, LLC (3883); HOOTS Restaurant Holder, LLC (5840); HOA IP GP, LLC (9555); HOOTS Franchising, LLC (8375); HOA Franchising, LLC (4451); HOA Maryland Restaurant Holder, LLC (1608); HOA Kansas Restaurant Holder, LLC (9045); TW Restaurant Holder, LLC (6927); DW Restaurant Holder, LLC (8261); HI Limited Partnership (2355); HOA Towson, LLC (1942); HOA Waldorf, LLC (5425); HOA Laurel, LLC (5010). The Debtors' service address is 1815 The Exchange SE, Atlanta, GA 30339.

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGIES,
AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The Schedules of Assets and Liabilities (collectively with attachments, the "<u>Schedules</u>") and the Statements of Financial Affairs (collectively with attachments, the "<u>Statements</u>," and together with the Schedules, the "<u>Schedules and Statements</u>"), filed by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), were prepared pursuant to section 521 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") by the Debtors with the assistance of their advisors and are unaudited.

These *Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "<u>Global Notes</u>") pertain to, are incorporated by reference in, and comprise an integral part of, the Schedules and Statements.  These Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.  To the extent that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

The Debtors and their professionals do not and cannot guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While diligent and reasonable efforts have been made to provide accurate and complete information in the Schedules and Statements based on information that was available at the time of preparation, inadvertent errors or omissions may exist.  In no event shall the Debtors or their professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their professionals are advised of the possibility of such damages.

The Schedules and Statements have been signed by Keith Maib, Chief Restructuring Officer of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Maib necessarily relied upon the efforts, statements, and representations of the Debtors' management, other personnel, and advisors.  Mr. Maib has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning the reason behind certain payments.

The Global Notes supplement and are in addition to any specific notes contained in each Debtor's respective Schedules or Statements.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview of Methodology

1.  ***Description of Cases***. On March 31, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only under the lead case caption *In re Hooters of America., et al.*, Case No. 25-80078-SWE (Bankr. N.D. Tex. 2025) [Docket No. [91]]. The Debtors are debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 15, 2025, the United States Trustee for the Northern District of Texas appointed a statutory committee of unsecured creditors pursuant to section 1102(a) and 1102(b)(1) of the Bankruptcy Code [Docket Nos. 187, 189].

2.  ***"As Of" Information Date***. The information provided herein represents the data of the Debtors as of the Petition Date, unless otherwise indicated. Unless otherwise indicated herein or in the Schedules and Statements, the amounts set forth in the Schedules and Statements reflect net book value as of the Petition Date. Amounts ultimately realized may vary from the values ascribed in the Schedules and Statements and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend, modify or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

3.  ***General Reservation of Rights***. Diligent and reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to (a) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to any claim (each a "Claim") description, designation, or Debtor against which the Claim is asserted; (b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (c) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, priority, or avoidability of any Claim.

    Furthermore, nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including any rights or Claims of the Debtors against any third party or issues involving Claims, substantive consolidation, equitable subordination, recharacterization, or defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable bankruptcy or nonbankruptcy laws to recover assets or avoid transfers.

    Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in the above paragraphs, nor shall it otherwise infringe upon the Debtors' rights to amend their Schedules and Statements at any time before these chapter 11 cases are closed, pursuant to Bankruptcy Rule 1009.

4.      ***Basis of Presentation.***  Information contained in the Schedules and Statements has been derived from the Debtors' books and records.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements prepared under GAAP.  Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that could be substantially different from financial information that would otherwise be prepared under GAAP.

To the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statement is indicative of the Debtors' enterprise value.

The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

5.      ***Causes of Action***.  Despite making diligent and reasonable efforts to identify all known assets, the Debtors may not have identified or set forth all of their causes of action (filed or potential) against third parties as assets in the Schedules and Statements, including causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all rights with respect to any causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, at law or in equity, or pursuant to any other theory (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action by the Debtors.

6.      ***Court Orders***.  Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases (the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition Claims of employees, PACA and PASA claimants, insurers, and taxing authorities.  Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and, therefore, generally are not listed in the Schedules and Statements or listed as undetermined amounts where appropriate. Regardless of whether such Claims are listed in the Schedules and Statements, to the extent such Claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary or appropriate, or to object or take other action as is necessary and appropriate to avoid over-payment of, or duplicate payments for, any such liabilities.

7.      ***Liabilities***.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.

8.      ***Excluded Assets and Liabilities***.  Certain immaterial or *de minimis* assets and liabilities may have been excluded.  The Debtors have also excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that have not been rejected, to the extent such damage Claims exist.

9.      ***Property Rights.***  Exclusion of certain property from the Schedules and Statements shall not be construed as an admission that such property rights have been abandoned, terminated, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain property shall not be construed to be an admission that such property rights have not been abandoned, have not been terminated, expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10.     ***Property and Equipment***.  Unless otherwise indicated, owned property and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect thereto.

11.     ***Intercompany Payables and Receivables***.  The listing by the Debtors of any account between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account.   The Debtors take no position in these Schedules and Statements as to whether such accounts would be collectible, or allowed as a Claim, an Interest, or not allowed at all.  The Debtors and all parties in interest reserve all rights with respect to such accounts.

12.     ***Estimates***.  To prepare and file the Schedules and Statements in accordance with the deadline established in these chapter 11 cases, the Debtors were required to make certain estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statement, and the reported amounts of revenues and expenses during the applicable reporting periods.  The Debtors reserve all rights to amend, supplement, or otherwise modify the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

13.     ***Fiscal Year***.  Unless otherwise indicated, each Debtor's most recent fiscal year ended on December 29, 2024.

14.   ***Currency***.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.  Currency conversions are generally as of the Petition Date.

15.   ***Executory Contracts and Unexpired Leases***.  Although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases on Schedule G, it is possible that more Debtor entities are a counterparty to certain executory contracts on Schedule G than will be listed.  The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by any counterparty to such contract or lease.  Moreover, nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease or financing arrangement (including whether any lease or financing arrangement is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

The Debtors have historically performed under certain executory contracts between non-debtors.  The Debtors have listed such contracts on Schedule G and indicated the parties to such contracts in these Global Notes.

16.   ***Insiders***.  In instances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.

The listing or omitting a party as an insider for purposes of the Schedules and Statements is for informational purposes only and is not intended to be, nor should it be, construed as an admission of the legal characterization of such party as an insider for purpose of section 101(31) of the Bankruptcy Code.  Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that they are not an "insider" or "affiliate" under applicable law or with respect to any theories of liability or for any other purpose.

17.   ***Totals***.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

18.   ***Unliquidated Claim Amounts***.  Claim amounts that could not be quantified by the Debtors are scheduled as "unliquidated."

19. ***Undetermined Amounts***.   The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

20. ***Credits and Adjustments***.   The claims of individual creditors for, among other things, goods, products, or services are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights respecting such credits, allowances and other adjustments, including the right to assert Claim objections and/or setoffs with respect to the same.

21. ***Guaranties and Other Secondary Liability Claims***.   The Debtors have used their best efforts to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") in their executory contracts, unexpired leases, debt instruments, and other such agreements; however, a review of these agreements, specifically the Debtors' leases and contracts, is ongoing.  Where such Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guaranties.  The Debtors have reflected the Guaranty obligations for both the primary obligor and the guarantor with respect to their financings and debt instruments on Schedules G and H.

22. ***Mechanics' Liens***.   The property and equipment listed in the Schedules are presented without consideration of any mechanics', materialmans', or other similar statutory liens.  Such liens may apply, and the Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

23. ***Entity Classification Issues***.   The Debtors have used their best efforts to identify the assets owned by each Debtor, the liabilities owed by each Debtor, and the Debtor that is a counterparty to executory contacts and unexpired leases; however, there are certain inherent limitations in making such identifications, including that: (a) certain assets and executory contacts and unexpired leases may be primarily used by a Debtor other than the entity which holds title to such assets or is a party to such executory contact and unexpired lease according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets or is a party to certain executory contracts and unexpired leases may not be ascertainable given the consolidated manner in which the Debtors have operated their businesses; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities.

In particular, due to the Debtor's ordinary course practices of keeping their books and records, it is not possible to independently report the financial results of five of the subsidiary entities.  Consequently, the consolidated financial reports of HOA Maryland Restaurant Holder, LLC (46-5591608) and HOA Kansas Restaurant Holder, LLC (46-5553883) are consolidated with their respective immediate parent company, HOA

7

Restaurant Holder, LLC (46-5553883). The financial results of three direct subsidiaries of HOA Maryland Restaurant Holder, LLC, which are HOA Towson LLC (46-5711942), HOA Laurel, LLC (46-5725010), and HOA Waldorf, LLC (46-5735425) are consolidated with HOA Restaurant Holder, LLC, the immediate parent of HOA Maryland Restaurant Holder, LLC.

**<u>Specific Disclosures with Respect to the Debtors' Schedules</u>**

24.    ***Schedule A/B.*** Certain of the instruments reflected on Schedule A may contain renewal options, guarantees of payments, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A or Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditors' claim.

The Debtors' failure to list any rights in property on Schedule A/B should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

25.    ***Schedule A/B 3.*** Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue Certain Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 12] (the "<u>Cash Management Motion</u>").

26.    ***Schedule A/B 7.*** The Debtors are required to make deposits from time to time with various vendors, landlords, and service providers in the ordinary course of business. The Debtors have exercised reasonable efforts to report the current value of any deposits. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding.

27.    ***Schedule A/B 8.*** The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers in the ordinary course of business. The Debtors have exercised reasonable efforts to identify any prepayments. The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided. The Debtors reserve their rights, but undertake no obligation, to amend the Schedules and Statements if prepayments are incorrectly identified.

28.    ***Schedule A/B 21.*** The Debtors' inventory on the balance sheet consists of food and beverage products. Paper products are expensed upon acquisition and not recorded in inventory on the balance sheet. The Debtors take inventory every two-weeks. As such, the finished good inventory reported in response to Question 21 is as of March 23, 2025, the last inventory recorded prior to the Petition Date. The Debtors reviewed inventories

taken as of April 6, 2025 and the amounts were not materially different than the March 23, 2025 inventories.

29.   ***Schedule A/B 55.***   Leasehold interests that have been rejected pursuant to the rejection procedures set forth in the *Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 158] are not included in Schedule A/B 55.

30.   ***Schedule A/B 60–62.***   The Debtors report intellectual property assets as net book value based on the Debtors' books and records whenever applicable.   Values are listed as undetermined where appropriate.

31.   ***Schedule A/B 72.***   The Debtors believe, but have been unable to verify, that they may hold interests in unused net operating losses.   The Debtors will amend this Schedule to the extent necessary as the Debtors receive additional information.

32.   ***Schedule A/B 73.***   The Debtors maintain a variety of insurance policies including property, general liability, and workers' compensation policies and other employee related policies. A list of the Debtors insurance policies and related information is available in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue Prepetition Insurance Program and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, (C) Continue to Pay Brokerage Fees, and (D) Maintain Their Surety Bond Program and (II) Granting Related Relief* [Docket No. 8] (the "Insurance Motion"). The Debtors believe that there is little or no cash value to the vast majority of such insurance policies and therefore such policies are not listed on Schedule A/B but may be found in Exhibit A to the Insurance Motion.

33.   ***Schedule A/B 75.***   In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, crossclaims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counterclaims and/or crossclaims as a defendant.   Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

34.   ***Schedule A/B 77.***   The Debtors continue to review intercompany receivables and payables and, for the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.

35.   ***Schedule D.***   Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.   Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization

of the structure of any such transaction or any document or instrument related to such creditor's claim.   Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not, nor shall it be deemed, an admission as to the validity of any such lien.   The Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.   Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

Schedule D does not include parties who have filed notices of perfection of liens pursuant to section 546(b) of the Bankruptcy Code.

In certain instances, a Debtor may be a co-obligor, or guarantor with respect to scheduled claims of another Debtor, however no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.   The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

36.     ***Schedule E/F, Part 1:  Creditors Holding Priority Unsecured Claims.***   The listing of any claim on Schedule E/F, Part 1 does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code.   The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.   Further, to the extent such claims have been paid or may be paid pursuant to a court order, they may not be included on Schedule E.

37.     ***Schedule E/F, Part 2:  Creditors Holding Non-Priority Unsecured Claims.***

The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

The Debtors have attempted to relate all liabilities to each particular Debtor.   Certain creditors listed on Schedule E/F may owe amounts to the Debtors and, as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts.   The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Debtors reserve all rights to assert any such setoff or recoupment rights.   Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F.   The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves, such as accrued tax or wage related obligations.

Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date. Additionally, the Debtors have excluded wage claims that have been paid or will be paid pursuant to the *Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Employee Benefits Obligations, and Other Compensation, and (B) Continue Employee Benefits Programs and Pay Related Administrative Obligations; and (II) Granting Related Relief* [Docket No. 93], and certain trade claims that qualify as PACA/PASA Claims pursuant to the *Final Order (I) Authorizing  Debtors to Pay Certain Prepetition Claims of Certain Section 503(b)(9) Claimants, and PACA/PASA Claimants (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests, and (III) Granting Related Relief* [Docket No. 258].

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding pending litigation involving the Debtors, but not any potential litigation that has been threatened but not commenced. In certain instances, the Debtor or related co-defendants that are the subject of the litigation may be unclear or undetermined. To the extent that litigation involving a particular Debtor or related co-defendant has been identified, such information is contained in the Schedule for that Debtor. Additionally, to the extent the identification of contingent co-defendants is unknown or unclear, the Debtors have listed only the underlying litigation. The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated, and disputed in the Schedules.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in whole or in part in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts or unexpired leases that may be rejected, to the extent such damage claims exist. Further, Schedule E/F may include certain mechanics or materialmen's liens against non-debtor property leased by the Debtors. The Debtors believe these are general unsecured claims, if and to the extent they are valid Claims, which the Debtors reserve the right to dispute, and the inclusion of such Claims should not be construed as an admission that such Claims are valid.

38.   ***Schedule G.*** While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been

11

modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider may appear multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for goods, supplies, products, services, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods, supplies, or products were delivered, or services performed under purchase orders before the Petition Date, vendors' claims with respect to such delivered goods, supplies, or product and performed services are included on Schedule E/F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, non-disturbance, and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, and division order agreements. Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. The inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease, and the Debtors reserve all rights in that regard,

including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

Although the Debtors have made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts or unexpired leases could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

39.    *Schedule H.*   The Debtors have not listed any litigation-related to co-Debtors on Schedule H. Instead, such listings can be found on the Debtors' Schedules E/F.

## Specific Disclosures with Respect to the Debtors' Statements

40.    *Statements 3*.  Statement 3 includes any disbursement or other transfer made by a Debtor where the aggregate transfers exceed $7,575, except for regular employee compensation and those made to insiders, which are reflected on Statements 4.

41.    *Statements 4 & 30.*  The Debtors have included responses to Statement 30 in Statement 4.

In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to certain individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

Payments to the Chief Restructuring Officer are not included on Statement 4 and instead are included on Statement 11.

42.    *Statement 5.*  In the one year before the Petition Date, certain of the Debtors' landlords at the leased properties where the Debtors operated restaurants exercised contractual rights to terminate the leases. The Debtors did not own those leased properties, so the value associated with such property was not attributable to the Debtors' estates prior to the Petition Date.

43.    *Statement 7.*  The Debtors used reasonable efforts to identify all pending litigation and assign appropriate descriptions thereto. Statement 7 does not include potential litigation that has been threatened but not yet commenced. In the event that the Debtors discover additional information pertaining to these legal actions identified in response to Question

7, or additional legal actions, the Debtors will use reasonable efforts to supplement the Statements in light thereof.

Despite reasonable efforts, the Debtors may not have identified all current causes of action the Debtors may have against third parties in their respective Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.

The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings.

44.   ***Statement 9***.  In the ordinary course of business, the Debtors host fundraising events at various stores to raise money for certain charities.  Payments to charitable organizations listed on this response to Question 9 may include fundraiser proceeds collected by Debtor and non-Debtor participants.  More information about the Debtors' fundraising activities can be found in the Cash Management Motion.

45.   ***Statement 11.***  The Debtors have used reasonable efforts to identify payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date.  The Debtors believe that it would be an inefficient use of the assets of the estates to allocate these payments on a Debtor-by-Debtor basis.  The Debtors have listed all such payments on the Statement of Hooters of America, LLC.  Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

46.   ***Statement 13***.  The Debtors may, from time to, transfer equipment and other assets and/or sell certain equipment and other assets to third parties.  These types of ordinary course transfers have not been disclosed.  The Debtors may also abandon assets in place at the locations for which they have no future use or have been unable to sell to a third party.  These types of transfers have not been disclosed.

47.   ***Statement 14.***  To the extent that the Debtors vacated store locations during the three years immediately preceding the Petition Date, information on those former store locations is contained in the Debtors' response to Statement 14.

48.   ***Statement 26(d).***  From time to time, the Debtors provided financial statements in the ordinary course of business to numerous parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, vendors, landlords, debtholders and their legal and financial advisors. Financial statements may have also been provided to other parties as requested, subject to

customary non-disclosure requirements where applicable.  In the event such financial statements are provided, the Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided full lists of these parties in their response to Statement 26.

49.    ***Statement 28.***    For purposes of the Schedules and Statements, the Debtors define "controlling shareholders" to include entities that directly hold in excess of 5% of the ownership interests in the applicable Debtor entity.  Entities listed as "controlling shareholders" have been included for informational purposes only.  The Debtors do not take any position with respect to such entity's influence over the control of the Debtors or whether such entity could successfully argue that it is not a "controlling shareholder" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

Debtor    **HOA Franchising, LLC** _____    Case number (if known)   **25-80099**
_____
Name

---

**Fill in this information to identify the case:**

Debtor name    **HOA Franchising, LLC** _____

United States Bankruptcy Court for the:    **Northern District of Texas (Dallas)** _____

Case number (if known)    **25-80099** _____

☐ Check if this is an
amended filing

---

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

| Part 1: | Summary of Assets |
|---|---|

1.    *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a.    **Real property:**
    Copy line 88 from Schedule A/B............................................................................................    $ _____ **0.00**

    1b.    **Total personal property:**    $                                   **31,270,429.83**
    Copy line 91A from Schedule A/B........................................................................................    **plus undetermined amounts**

    1c.    **Total of all property:**    $                                   **31,270,429.83**
    Copy line 92 from Schedule A/B..........................................................................................    **plus undetermined amounts**

| Part 2: | Summary of Liabilities |
|---|---|

2.    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D.............................    $                                   **307,266,532.04**

3.    *Schedule E/F:* Creditors Who Have Unsecured Claims (Official Form 206E/F)

    3a.    **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*...................................................    $                                   **Undetermined**

    3b.    **Total amount of claims of nonpriority amount of unsecured claims:**    **96,136.74**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...................................    +$   **plus undetermined amounts**

4.    **Total liabilities** .........................................................................................................    **307,362,668.78**
    Lines 2 + 3a + 3b    $   **plus undetermined amounts**

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor name | **HOA Franchising, LLC** |
| United States Bankruptcy Court for the: | **Northern District of Texas (Dallas)** |
| Case number (if known) | **25-80099** |

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**    **Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

     ☐ No. Go to Part 2.

     ■ Yes. Fill in the information below

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2.**    **Cash on Hand** | |
| 2.1 | $0.00 |

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| **3.**   **Checking, savings, money market, or financial brokerage accounts** | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| 3.1   BANK OF AMERICA | FRANCHISE COLLECTION ACCOUNT | 6181 | $0.00 |

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **4.**    **Other cash equivalents** *(Identify all)* | |
| 4.1 | $0.00 |

| Debtor | **HOA Franchising, LLC** | Case number (*if known*) | **25-80099** |
|---|---|---|---|
| | Name | | |

5. **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$0.00

---

## Part 2:      Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.

☐ Yes. Fill in the information below

| | | **Current value of debtor's interest** |
|---|---|---|
| 7. | **Deposits, including security deposits and utility deposits** | |
| | Description, including name of holder of deposit | |
| 7.1 | | $0.00 |

| | | **Current value of debtor's interest** |
|---|---|---|
| 8. | **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent** | |
| | Description, including name of holder of prepayment | |
| 8.1 | | $0.00 |

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.

$0.00

---

## Part 3:      Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

■ Yes. Fill in the information below

Official Form 206A/B                Schedule A/B: Assets - Real and Personal Property                **Page 2**

Debtor   **HOA Franchising, LLC**
_____   Case number (*if known*)  **25-80099**
Name

|  | | | | Current value of debtor's interest |
|---|---|---|---|---|

**11.** **Accounts receivable**

| 11a. 90 days old or less: | $304,816.94 | - | ($32,604.09) | = | $272,212.85 |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

| 11b. Over 90 days old: | $483,092.29 | - | ($386,616.93) | = | $96,475.36 |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

**12.** **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| $368,688.21 |
|---|

---

| **Part 4:** | **Investments** |
|---|---|

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes. Fill in the information below

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**14.** **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| 14.1 | | | $0.00 |
|---|---|---|---|

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**15.** **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                    % of ownership

| 15.1 | | | $0.00 |
|---|---|---|---|

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**16.** **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

| 16.1 | | | $0.00 |
|---|---|---|---|

| Debtor | **HOA Franchising, LLC** | Case number (*if known*) | **25-80099** |
|---|---|---|---|
| | Name | | |

**17.** **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83.

**$0.00**

---

**Part 5:**  **Inventory, excluding agriculture asset**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.

☐ Yes. Fill in the information below

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.** **Raw materials** | | | | |
| 19.1 | | | | $0.00 |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **20.** **Work in progress** | | | | |
| 20.1 | | | | $0.00 |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **21.** **Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **22.** **Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23.** **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

**$0.00**

---

Debtor    **HOA Franchising, LLC**                                                    Case number (*if known*)  **25-80099**
          <sub>Name</sub>

24.  **Is any of the property listed in Part 5 perishable?**

☐  No.

☐  Yes.

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐  No.

☐  Yes. Book value _____    Valuation method _____    Current Value _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐  No.

☐  Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---------|--------------------------------------------------------------------------------|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■  No. Go to Part 7.

☐  Yes. Fill in the information below

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|---------------------------------|-------------------------|-----------------------------|

28.  **Crops–either planted or harvested**

| 28.1 | | | | $0.00 |
|------|---|---|---|-------|

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|---------------------------------|-------------------------|-----------------------------|

29.  **Farm animals** *Examples: Livestock, poultry, farm-raised fish*

| 29.1 | | | | $0.00 |
|------|---|---|---|-------|

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|---------------------------------|-------------------------|-----------------------------|

30.  **Farm machinery and equipment** *(Other than titled motor vehicles)*

| 30.1 | | | | $0.00 |
|------|---|---|---|-------|

Debtor    **HOA Franchising, LLC**                                         Case number (*if known*)  **25-80099**
_____
Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **31.** **Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **32.** **Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33.** **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

**$0.00**

**34.** **Is the debtor a member of an agricultural cooperative?**

☐ No.

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No.

☐ Yes.

**35.** **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes. Book value _____ Valuation method _____ Current Value _____

**36.** **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.

☐ Yes.

**37.** **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Debtor | **HOA Franchising, LLC** | Case number (*if known*) | **25-80099** |
|---|---|---|---|
| | Name | | |

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.

☐ Yes. Fill in the information below

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.** **Office furniture** | | | |
| 39.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **40.** **Office fixtures** | | | |
| 40.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **41.** **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **42.** **Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | $0.00 |

| 43. | **Total of Part 7.** Add lines 39 through 42. Copy the total to line 86 | **$0.00** |
|---|---|---|

| Debtor | **HOA Franchising, LLC** | Case number (*if known*) | **25-80099** |
|---|---|---|---|
| | Name | | |

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.

☐ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

---

**Part 8:**  **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.

☐ Yes. Fill in the information below

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of debtor's<br>interest |
|---|---|---|---|
| **47.**  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of debtor's<br>interest |
|---|---|---|---|
| **48.**  **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers,<br>motors,floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | $0.00 |

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of debtor's<br>interest |
|---|---|---|---|
| **49.**  **Aircraft and accessories** | | | |
| 49.1 | | | $0.00 |

---

Debtor    **HOA Franchising, LLC**                                                        Case number (*if known*)  **25-80099**
          Name

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 | | | $0.00 |

51.  **Total of Part 8.**
     Add lines 47 through 50. Copy the total to line 87.                    **$0.00**

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

     ☐ No.

     ☐ Yes.

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

     ☐ No.

     ☐ Yes.

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

    ■ No. Go to Part 10.

    ☐ Yes. Fill in the information below

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest** | | | | |
| 55.1 | | | | $0.00 |

56.  **Total of Part 9.**
     Add the current value on lines 55.1 through 55.0 and entries from any additional sheets.
     Copy the total to line 88                                            **$0.00**

| Debtor | **HOA Franchising, LLC** | Case number (*if known*) | **25-80099** |
|---|---|---|---|
| | Name | | |

57.     **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.

☐ Yes.

58.     **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

## Part 10: Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.     **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1    TRADEMARK PURCHASE | $27,652,000.00 | NET BOOK VALUE | $27,652,000.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 61.     **Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 62.     **Licenses, franchises, and royalties** | | | |
| 62.1    FRANCHISE AGREEMENT | $2,120,232.60 | NET BOOK VALUE | $2,120,232.60 |

Debtor    **HOA Franchising, LLC**                                      Case number (*if known*)  **25-80099**

Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **63.**  **Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **64.**  **Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **65.**  **Goodwill** | | | |
| 65.1  GOODWILL | UNDETERMINED | N/A | UNDETERMINED |

**66.**  **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

> **$29,772,232.60**
> **plus undetermined amounts.**

**67.**  **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?

■ No.
☐ Yes.

**68.**  **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

■ No.
☐ Yes.

**69.**  **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

■ No.
☐ Yes.

| Debtor | **HOA Franchising, LLC** | Case number (*if known*) | **25-80099** |
|--------|--------------------------|--------------------------|--------------|
|        | Name                     |                          |              |

**Part 11:    All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below

<table>
<tr><td></td><td></td><td></td><td style="background:#ddd">Current value of debtor's interest</td></tr>
<tr><td>71.</td><td colspan="2"><b>Notes receivable</b><br>Description (include name of obligor)</td><td></td></tr>
<tr><td>71.1</td><td>Total face amount</td><td>doubtful or uncollectible amount</td><td>$0.00</td></tr>
<tr><td></td><td></td><td></td><td style="background:#ddd">Current value of debtor's interest</td></tr>
<tr><td>72.</td><td colspan="2"><b>Tax refunds and unused net operating losses (NOLs)</b><br>Description (for example, federal, state, local)</td><td></td></tr>
<tr><td>72.1</td><td></td><td></td><td>$0.00</td></tr>
<tr><td></td><td></td><td></td><td style="background:#ddd">Current value of debtor's interest</td></tr>
<tr><td>73.</td><td colspan="2"><b>Interests in insurance policies or annuities</b></td><td></td></tr>
<tr><td>73.1</td><td></td><td></td><td>$0.00</td></tr>
<tr><td></td><td></td><td></td><td style="background:#ddd">Current value of debtor's interest</td></tr>
<tr><td>74.</td><td colspan="2"><b>Causes of action against third parties (whether or not a lawsuit has been filed)</b></td><td></td></tr>
<tr><td>74.1</td><td colspan="2">COUNTERCLAIMS - HOA FRANCHISING LCC AND HI LIMITED PARTNERSHIP HOA IP GP, LLC (PLAINTIFFS) V MS FOODS, LLC MAHMOOD SAIFIE (DEFENDANTS))</td><td>UNDETERMINED</td></tr>
<tr><td></td><td><b>Nature of claim</b></td><td>FRANCHISEE BREACH OF FRANCHISE AGREEMENT</td><td></td></tr>
<tr><td></td><td><b>Amount requested</b></td><td>UNDETERMINED</td><td></td></tr>
<tr><td></td><td></td><td></td><td style="background:#ddd">Current value of debtor's interest</td></tr>
<tr><td>75.</td><td colspan="2"><b>Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims</b></td><td></td></tr>
<tr><td>75.1</td><td></td><td></td><td>$0.00</td></tr>
</table>

Debtor   **HOA Franchising, LLC**                                Case number (*if known*)   **25-80099**
        Name

| | | Current value of debtor's interest |
|---|---|---|
| 76. | **Trusts, equitable or future interests in property** | |
| 76.1 | | $0.00 |

| | | Current value of debtor's interest |
|---|---|---|
| 77. | **Other property of any kind not already listed Examples:** Season tickets, country club membership | |
| 77.1 | INTERCOMPANY RECEIVABLE - HOA SYSTEMS, LLC | $1,129,509.02 |

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

> **$1,129,509.02**
> **plus undetermined amounts.**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No.

☐ Yes.

Debtor   **HOA Franchising, LLC**                                    Case number (*if known*)   **25-80099**
_____
Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|

80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* — $0.00

81. **Deposits and prepayments.** *Copy line 9, Part 2.* — $0.00

82. **Accounts receivable.** *Copy line 12, Part 3.* — $368,688.21

83. **Investments.** *Copy line 17, Part 4.* — $0.00

84. **Inventory.** *Copy line 23, Part 5.* — $0.00

85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* — $0.00

86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* — $0.00

87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* — $0.00

88. **Real property.** *Copy line 56, Part 9*..............................................................................> | $0.00 |

89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* — $29,772,232.60 **plus undetermined amounts.**

90. **All other assets.** *Copy line 78, Part 11.* — **+** $1,129,509.02 **plus undetermined amounts.**

91. **Total. Add lines 80 through 90 for each column** — $31,270,429.83 **plus undetermined amounts.**   **+91b.** $0.00

92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 — $31,270,429.83 **plus undetermined amounts.**

**Fill in this information to identify the case:**

Debtor name        **HOA Franchising, LLC**

United States Bankruptcy Court for the:        **Northern District of Texas (Dallas)**

Case number (if known)      **25-80099**

☐ Check if this is an
amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

| Debtor | **HOA Franchising, LLC** | Case number (if known) | **25-80099** |
|---|---|---|---|
| | Name | | |

| | | Column A<br>Amount of claim<br><br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| 2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. | | | |

**2.1**

| Secured creditor name and mailing address | Describe debtor's property that is subject to a lien | $40,000,000.00 | UNDETERMINED |
|---|---|---|---|

CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY
388 GREENWICH STREET
14TH FLOOR
NEW YORK NY 10013

SECOND LIEN ON ALL ASSETS OF SECURITIZATION ENTITIES PURSUANT TO THE AMENDED AND RESTATED BASE INDENTURE

**Secured creditor's email address**

**Describe the lien**

CLASS B JUNIOR SUBORDINATED NOTES PURSUANT TO THE AMENDED AND RESTATED BASE INDENTURE

**Date debt was incurred**

**Is the creditor an insider or related party?**

8/19/2021

☑ No
☐ Yes

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☐ No
☑ Yes *Fill out Schedule H: Codebtors (Official Form 206H)*

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**2.2**

| Secured creditor name and mailing address | Describe debtor's property that is subject to a lien | $267,266,532.04 | UNDETERMINED |
|---|---|---|---|

CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY
388 GREENWICH STREET
14TH FLOOR
NEW YORK NY 10013

FIRST LIEN ON ALL ASSETS OF SECURITIZATION ENTITIES PURSUANT TO THE AMENDED AND RESTATED BASE INDENTURE

**Secured creditor's email address**

**Describe the lien**

CLASS A-2 SENIOR SECURED NOTES PURSUANT TO THE AMENDED AND RESTATED BASE INDENTURE

**Date debt was incurred**

**Is the creditor an insider or related party?**

8/19/2021

☑ No
☐ Yes

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☐ No
☑ Yes *Fill out Schedule H: Codebtors (Official Form 206H)*

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

| Debtor | **HOA Franchising, LLC** | Case number (if known) | **25-80099** |
|---|---|---|---|
| | Name | | |

3.  Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.  **$307,266,532.04**

---

**Part 2:**    **List Others to Be Notified for a Debt Already Listed in Part 1**

---

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| CITIBANK, N.A.<br>TRANG TRAN-ROJAS<br>2700 POST OAK BLVD.<br>SUITE 610<br>HOUSTON TX 77056 | Line 2.1 | |
| CITIBANK, N.A.<br>TRANG TRAN-ROJAS<br>2700 POST OAK BLVD.<br>SUITE 610<br>HOUSTON TX 77056 | Line 2.1 | |
| CITIBANK, N.A., SOLELY IN ITS CAPACITIES AS TRUSTEE<br>C/O DENTONS US LLP<br>ATTN: CLAY M. TAYLOR<br>100 CRESCENT COURT<br>SUITE 900<br>DALLAS TX 75201-1858<br>CLAY.TAYLOR@DENTONS.COM | Line 2.2 | |
| CITIBANK, N.A., SOLELY IN ITS CAPACITIES AS TRUSTEE<br>C/O DENTONS US LLP<br>ATTN: CLAY M. TAYLOR<br>100 CRESCENT COURT<br>SUITE 900<br>DALLAS TX 75201-1858<br>CLAY.TAYLOR@DENTONS.COM | Line 2.2 | |
| CITIBANK, N.A., SOLELY IN ITS CAPACITIES AS TRUSTEE<br>C/O MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.<br>ATTN: KEITH KOLLMEYER, ERIC R. BLYTHE<br>ONE FINANCIAL CENTER<br>BOSTON MA 02111<br>KKOLLMEYER@MINTZ.COM; ERBLYTHE@MINTZ.COM | Line 2.2 | |
| CITIBANK, N.A., SOLELY IN ITS CAPACITIES AS TRUSTEE<br>C/O MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.<br>ATTN: KEITH KOLLMEYER, ERIC R. BLYTHE<br>ONE FINANCIAL CENTER<br>BOSTON MA 02111<br>KKOLLMEYER@MINTZ.COM; ERBLYTHE@MINTZ.COM | Line 2.2 | |
| CITIBANK, N.A., SOLELY IN ITS CAPACITIES AS TRUSTEE<br>C/O MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.<br>ATTN:  NATHAN F. COCO<br>919 THIRD AVENUE<br>NEW YORK NY 10022<br>NFCOCO@MINTZ.COM | Line 2.2 | |
| CITIBANK, N.A., SOLELY IN ITS CAPACITIES AS TRUSTEE<br>C/O MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.<br>ATTN:  NATHAN F. COCO<br>919 THIRD AVENUE<br>NEW YORK NY 10022<br>NFCOCO@MINTZ.COM | Line 2.2 | |

**Fill in this information to identify the case:**

Debtor name    **HOA Franchising, LLC**

United States Bankruptcy Court for the:    **Northern District of Texas (Dallas)**

Case number (if known)    **25-80099**

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | **Priority creditor's name and mailing address** | UNDETERMINED | UNDETERMINED |

**As of the petition filing date, the claim is:**
Check all that apply.

ALABAMA DEPARTMENT OF REVENUE
ALABAMA DEPARTMENT OF REVENUE PASS
THROUGH ENTITY SECTION
P.O. BOX 327444
MONTGOMERY AL 36132-7444

☑ Contingent
☑ Unliquidated
☑ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

☑ No
☐ Yes

|  |  | | |
|---|---|---|---|
| 2.2 | **Priority creditor's name and mailing address** | UNDETERMINED | UNDETERMINED |

**As of the petition filing date, the claim is:**
Check all that apply.

ALABAMA DEPARTMENT OF REVENUE
SALES/USE TAX DIVISION
P.O. BOX 327750
MONTGOMERY AL 36132-7750

☑ Contingent
☑ Unliquidated
☑ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

☑ No
☐ Yes

| Debtor | **HOA Franchising, LLC** | | | |
|---|---|---|---|---|
| | Name | | Case number (if known) | **25-80099** |

| | | **Total claim** | **Priority amount** |
|---|---|---|---|

**2.3** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

UNDETERMINED | UNDETERMINED

ARKANSAS STATE INCOME TAX
ARKANSAS STATE INCOME TAX
P.O. BOX 8149
LITTLE ROCK AR 72203-8149

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.4** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

UNDETERMINED | UNDETERMINED

CALIFORNIA FRANCHISE TAX BOARD
FRANCHISE TAX BOARD
P.O. BOX 942857
SACRAMENTO CA 94257-0531

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.5** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

UNDETERMINED | UNDETERMINED

CANADIAN COUNTY TREASURER
201 N. CHOCTAW
EL RENO OK 73036

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.6** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

UNDETERMINED | UNDETERMINED

DEPARTMENT OF TREASURY, INTERNAL
REVENUE SERVICE
DEPARTMENT OF THE TREASURYINTERNAL
REVENUE SERVICE
1160 W 1200 S ST
OGDEN UT 84201-0012

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

Debtor    **HOA Franchising, LLC** _____    Case number (if known)    **25-80099** _____

Name

| | **Total claim** | **Priority amount** |
|---|---|---|

**2.7**    **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

| | **UNDETERMINED** | **UNDETERMINED** |

DEPT OF ASSESSMENTS & TAXATION, STATE OF MARYLAND
PO BOX 17052
BALTIMORE MD 21297

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.8**    **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

| | **UNDETERMINED** | **UNDETERMINED** |

FLORIDA DEPARTMENT OF REVENUE
5050 WEST TENNESSEE STREET
TALLAHASSEE FL 32399

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.9**    **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

| | **UNDETERMINED** | **UNDETERMINED** |

GEORGIA- CORPORATE OFFICE
SALES AND USE TAX
P.O. BOX 105296
ATLANTA GA 30374-0390

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.10**    **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

| | **UNDETERMINED** | **UNDETERMINED** |

GEORGIA DEPARTMENT OF REVENUE
GEORGIA DEPARTMENT OF REVENUE, PROCESSING CENTER
P.O. BOX 740239
ATLANTA GA 30374-0239

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

Debtor  **HOA Franchising, LLC** _____ Case number (if known) __25-80099__

<span style="font-size:small">Name</span>

| | Total claim | Priority amount |
|---|---|---|
| | | |

**2.11** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | UNDETERMINED | UNDETERMINED |

GEORGIA- HRW OF PEACHTREE CORNERS
SALES AND USE TAX
P.O. BOX 105296
ATLANTA GA 30374-0390

- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**
- ☑ No
- ☐ Yes

---

**2.12** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | UNDETERMINED | UNDETERMINED |

ILLINOIS DEPARTMENT OF REVENUE
PO BOX 19038
SPRINGFIELD IL 62794-9038

- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**
- ☑ No
- ☐ Yes

---

**2.13** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | UNDETERMINED | UNDETERMINED |

INDIANA DEPARTMENT OF REVENUE
INDIANA DEPARTMENT OF REVENUE
P.O. BOX 6032
INDIANAPOLIS IN 46206-6032

- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**
- ☑ No
- ☐ Yes

---

**2.14** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | UNDETERMINED | UNDETERMINED |

INDIANA- FOOD & BEVERAGE
INDIANA DEPARTMENT OF REVENUE
P.O. BOX 7218
INDIANAPOLIS IN 46207-7218

- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**
- ☑ No
- ☐ Yes

---

| Debtor | **HOA Franchising, LLC** | Case number (if known) | **25-80099** |
|---|---|---|---|
| | Name | | |

| | | Total claim | Priority amount |
|---|---|---|---|

**2.15** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:**
Check all that apply. | UNDETERMINED | UNDETERMINED

IOWA DEPARTMENT OF REVENUE
IOWA DEPARTMENT OF
REVENUECORPORATION TAX
PO BOX 10466
DES  MOINES IA 50306-0466

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.16** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:**
Check all that apply. | UNDETERMINED | UNDETERMINED

IOWA -SALES
SALES/USE TAX PROCESSING IOWA
DEPARTMENT OF REVENUE
P.O. BOX 10412
DES MOINES IA 50306-0412

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.17** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:**
Check all that apply. | UNDETERMINED | UNDETERMINED

KANSAS DEPARTMENT OF REVENUE
KANSAS DEPARTMENT OF REVENUE
P.O. BOX 12001
TOPEKA KS 66625-2001

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.18** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:**
Check all that apply. | UNDETERMINED | UNDETERMINED

KANSAS DEPARTMENT OF REVENUE
KANSAS INCOME TAX KANSAS DEPARTMENT
OF REVENUE
P.O. BOX 750260
TOPEKA KS 66699-0260

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

| Debtor | **HOA Franchising, LLC** | | | |
|---|---|---|---|---|
| | Name | | | |
| | | | Case number (if known) | **25-80099** |

| | | | **Total claim** | **Priority amount** |
|---|---|---|---|---|

**2.19** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | UNDETERMINED | UNDETERMINED

KENTUCY DEPARTMENT OF REVENUE
KENTUCKY DEPARTMENT OF REVENUE
501 HIGH ST
FRANKFORT KY 40601

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.20** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | UNDETERMINED | UNDETERMINED

LOUISIANA DEPARTMENT OF REVENUE
POST OFFICE BOX 201
BATON ROUGE LA 70821-0201

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.21** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | UNDETERMINED | UNDETERMINED

MARYLAND REVENUE ADMINISTRATION
COMPTROLLER OF MARYLAND REVENUE
ADMINISTRATION DIVISION
110 CARROLL STREET
ANNAPOLIS MD 21411-0001

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.22** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | UNDETERMINED | UNDETERMINED

MICHIGAN DEPARTMENT OF REVENUE
MICHIGAN DEPARTMENT OF TREASURY
P.O. BOX 30803
LANSING MI 48909

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

| Debtor | **HOA Franchising, LLC** | Case number (if known) | **25-80099** |
|---|---|---|---|
| | Name | | |

| | | Total claim | Priority amount |
|---|---|---|---|

**2.23** | **Priority creditor's name and mailing address**

MINNESOTA DEPARTMENT OF REVENUE
MINNESOTA REVENUE MAIL STATION 1765
ST. PAUL MN 55146-1765

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

Total claim: UNDETERMINED
Priority amount: UNDETERMINED

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**

---

**2.24** | **Priority creditor's name and mailing address**

MISSISSIPPI DEPARTMENT OF REVENUE
DEPARTMENT OF REVENUE
P.O. BOX 23191
JACKSON MS 39225-3058

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

Total claim: UNDETERMINED
Priority amount: UNDETERMINED

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**

---

**2.25** | **Priority creditor's name and mailing address**

MISSISSIPPI TAX COMMISSION
MISSISSIPPI TAX COMMISSION
P.O. BOX 960
JACKSON MS 39205

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

Total claim: UNDETERMINED
Priority amount: UNDETERMINED

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**

---

**2.26** | **Priority creditor's name and mailing address**

MISSOURI TAXATION DIVISION
TAXATION DIVISION
P.O. BOX 3400
JEFFERSON CITY MO 65105-3400

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

Total claim: UNDETERMINED
Priority amount: UNDETERMINED

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**

---

| Debtor | **HOA Franchising, LLC** | Case number (if known) | **25-80099** |
| --- | --- | --- | --- |
| | Name | | |

| | | **Total claim** | **Priority amount** |
| --- | --- | --- | --- |

**2.27** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | |
Check all that apply. | | UNDETERMINED | UNDETERMINED |

MISSOURI-CONSUMER'S USE TAX
DIVISION OF TAXATION
P.O. BOX 840
JEFFERSON CITY MO 65105-0840

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.28** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | |
Check all that apply. | | UNDETERMINED | UNDETERMINED |

MISSOURI-SALES TAX
DIVISION OF TAXATION
P.O. BOX 840
JEFFERSON CITY MO 65105-0840

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.29** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | |
Check all that apply. | | UNDETERMINED | UNDETERMINED |

NEBRASKA DEPARTMENT OF REVENUE
NEBRASKA DEPARTMENT OF REVENUE
P.O. BOX 94818
LINCOLN NE 68509-4818

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.30** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | |
Check all that apply. | | UNDETERMINED | UNDETERMINED |

NEBRASKA DEPARTMENT OF REVENUE
NEBRASKA DEPARTMENT OF REVENUE
P.O. BOX 98923
LINCOLN NE 68509-8923

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

| Debtor | **HOA Franchising, LLC** | | |
|---|---|---|---|
| | Name | | |

| | | Case number (if known) | **25-80099** |
|---|---|---|---|

| | | **Total claim** | **Priority amount** |
|---|---|---|---|

**2.31** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **UNDETERMINED** | **UNDETERMINED**

NEBRASKA- WASTE REDUCTION AND
RECYCLING FEE
NEBRASKA DEPARTMENT OF REVENUE
P.O. BOX 98923
LINCOLN NE 68509-8923

- ☒ Contingent
- ☒ Unliquidated
- ☒ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

- ☒ No
- ☐ Yes

---

**2.32** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **UNDETERMINED** | **UNDETERMINED**

NEW MEXICO TAXATION & REVENUE
DEPARTMENT
TAXATION & REVENUE DEPARTMENT
P.O. BOX 630
SANTA FE NM 87504-0630

- ☒ Contingent
- ☒ Unliquidated
- ☒ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

- ☒ No
- ☐ Yes

---

**2.33** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **UNDETERMINED** | **UNDETERMINED**

NEW YORK DEPARTMENT OF TAXATION &
FINANCE
NYS CORPORATION TAX, PROCESSING UNIT
PO BOX 1909
ALBANY NY 12201-1909

- ☒ Contingent
- ☒ Unliquidated
- ☒ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

- ☒ No
- ☐ Yes

---

**2.34** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **UNDETERMINED** | **UNDETERMINED**

NJ DIVISION OF TAXATION
DEPARTMENT OF THE TREASURY DIVISION OF
TAXATION
PO BOX 281
TRENTON NJ 08695-0281

- ☒ Contingent
- ☒ Unliquidated
- ☒ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

- ☒ No
- ☐ Yes

---

| Debtor | **HOA Franchising, LLC** | | | |
| | Name | | Case number (if known) | **25-80099** |

| | | **Total claim** | **Priority amount** |
|---|---|---|---|

**2.35** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

UNDETERMINED | UNDETERMINED

NORTH CAROLINA DEPARTMENT OF REVENUE
DEPARTMENT OF REVENUE
P.O. BOX 25000
RALEIGH NC 27640

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

- ■ No
- ☐ Yes

---

**2.36** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

UNDETERMINED | UNDETERMINED

OHIO DEPARTMENT OF REVENUE
OHIO DEPARTMENT OF TAXATION
P.O. BOX 181140
COLUMBUS OH 43218-1140

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

- ■ No
- ☐ Yes

---

**2.37** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

UNDETERMINED | UNDETERMINED

OHIO DEPARTMENT OF TAXATION
OHIO DEPARTMENT OF TAXATION ATTN:
BUSINESS COMPLIANCE DIVISON
PO BOX 2678
COLUMBUS OH 43216-2678

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

- ■ No
- ☐ Yes

---

**2.38** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

UNDETERMINED | UNDETERMINED

OKLAHOMA COUNTY TREASURER
P.O. BOX 268875
OKLAHOMA CITY OK 73126-8875

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

- ■ No
- ☐ Yes

---

| Debtor | **HOA Franchising, LLC** | | | |
|---|---|---|---|---|
| | Name | | | |

| | | Case number (if known) | **25-80099** | |
|---|---|---|---|---|

| | | | **Total claim** | **Priority amount** |
|---|---|---|---|---|

**2.39** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

Total claim: UNDETERMINED
Priority amount: UNDETERMINED

OKLAHOMA TAX COMMISSION
PO BOX 26850
OKLAHOMA CITY OK 73126-0850

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.40** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

Total claim: UNDETERMINED
Priority amount: UNDETERMINED

OKLAHOMA-MIXED BEVERAGE
2501 LINCOLN BLVD.
OKLAHOMA CITY OK 73194

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.41** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

Total claim: UNDETERMINED
Priority amount: UNDETERMINED

OKLAHOMA-SALES
2501 LINCOLN BLVD.
OKLAHOMA CITY OK 73194

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.42** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
Check all that apply.

Total claim: UNDETERMINED
Priority amount: UNDETERMINED

OKLAHOMA-USE
2501 LINCOLN BLVD.
OKLAHOMA CITY OK 73194

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

| Debtor | **HOA Franchising, LLC** | | |
|---|---|---|---|
| | Name | | |

Case number (if known)  **25-80099**

| | | **Total claim** | **Priority amount** |
|---|---|---|---|

**2.43** | **Priority creditor's name and mailing address**

SALES/USE TAX DIVISION MICHIGAN
DEPARTMENT OF TREASURY
430 WEST ALLEGAN STREET
LANSING MI 48922

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

Total claim: **UNDETERMINED**    Priority amount: **UNDETERMINED**

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.44** | **Priority creditor's name and mailing address**

SOUTH CAROLINA DEPARTMENT OF REVENUE
SC DEPARTMENT OF REVENUE IIT VOUCHER
PO BOX 100123
COLUMBIA SC 29202

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

Total claim: **UNDETERMINED**    Priority amount: **UNDETERMINED**

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.45** | **Priority creditor's name and mailing address**

SOUTH CAROLINA DEPARTMENT OF REVENUE
SOUTH CAROLINA DEPARTMENT OF REVENUE
P.O. BOX 125
COLUMBIA SC 29214

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

Total claim: **UNDETERMINED**    Priority amount: **UNDETERMINED**

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.46** | **Priority creditor's name and mailing address**

SOUTH CAROLINA- LIQUOR
SOUTH CAROLINA DEPARTMENT OF REVENUE
P.O. BOX 125
COLUMBIA SC 29214

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

Total claim: **UNDETERMINED**    Priority amount: **UNDETERMINED**

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

| Debtor | **HOA Franchising, LLC** | | | |
| --- | --- | --- | --- | --- |
| | Name | Case number (if known) | **25-80099** | |

| | | Total claim | Priority amount |
| --- | --- | --- | --- |

| 2.47 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:**<br>Check all that apply. | UNDETERMINED | UNDETERMINED |
| | STATE OF ARKANSAS<br>SALES AND USE TAX SECTION<br>P.O. BOX 1272<br>LITTLE ROCK AR 72203-1272 | ■ Contingent<br>■ Unliquidated<br>■ Disputed | | |
| | **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** | ■ No<br>☐ Yes | | |

| 2.48 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:**<br>Check all that apply. | UNDETERMINED | UNDETERMINED |
| | STATE OF FLORIDA<br>FLORIDA DEPARTMENT OF REVENUE<br>5050 WEST TENNESSEE ST.<br>TALLAHASSEE FL 32399-0100 | ■ Contingent<br>■ Unliquidated<br>■ Disputed | | |
| | **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** | ■ No<br>☐ Yes | | |

| 2.49 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:**<br>Check all that apply. | UNDETERMINED | UNDETERMINED |
| | STATE OF GEORGIA<br>SALES AND USE TAX<br>P.O. BOX 105296<br>ATLANTA GA 30374-0390 | ■ Contingent<br>■ Unliquidated<br>■ Disputed | | |
| | **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** | ■ No<br>☐ Yes | | |

| 2.50 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:**<br>Check all that apply. | UNDETERMINED | UNDETERMINED |
| | STATE OF ILLINOIS DEPARTMENT OF REVENUE RETAILERS<br>DEPARTMENT OF REVENUE RETAILERS' TAX<br>WILLARD ICE BUILDING<br>101 W JEFFERSON ST<br>SPRINGFIELD IL 62702 | ■ Contingent<br>■ Unliquidated<br>■ Disputed | | |
| | **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** | ■ No<br>☐ Yes | | |

Debtor    **HOA Franchising, LLC**        Case number (if known)   **25-80099**

Name

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.51 | **Priority creditor's name and mailing address** | | |
| | | UNDETERMINED | UNDETERMINED |
| | STATE OF KENTUCKY REVENUE CABINET 501 HIGH ST FRANKFORT KY 40601 | | |

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**

---

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.52 | **Priority creditor's name and mailing address** | | |
| | | UNDETERMINED | UNDETERMINED |
| | STATE OF MARYLAND TAX ADMINISTRATION REMITTANCE PROCESSING CTR. 110 CARROLL STREET ANNAPOLIS MD 21411-0001 | | |

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**

---

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.53 | **Priority creditor's name and mailing address** | | |
| | | UNDETERMINED | UNDETERMINED |
| | TEXAS-MIXED BEVERAGE GROSS RECEIPTS TEXAS COMPTROLLER OF PUBLIC ACCOUNTS 111 E 17TH ST AUSTIN TX 78774-0100 | | |

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
☐ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**

---

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.54 | **Priority creditor's name and mailing address** | | |
| | | UNDETERMINED | UNDETERMINED |
| | TEXAS-MIXED BEVERAGE SALES TAX TEXAS COMPTROLLER OF PUBLIC ACCOUNTS 111 E 17TH ST AUSTIN TX 78774-0100 | | |

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**

---

| Debtor | **HOA Franchising, LLC** | | Case number (if known) | **25-80099** |
|---|---|---|---|---|
| | Name | | | |

| | | | **Total claim** | **Priority amount** |
|---|---|---|---|---|

**2.55** | **Priority creditor's name and mailing address**

As of the petition filing date, the claim is:
Check all that apply.

Total claim: UNDETERMINED    Priority amount: UNDETERMINED

TEXAS-SALES
TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
111 E 17TH ST
AUSTIN TX 78774-0100

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.56** | **Priority creditor's name and mailing address**

As of the petition filing date, the claim is:
Check all that apply.

Total claim: UNDETERMINED    Priority amount: UNDETERMINED

VIRGINIA DEPARTMENT OF REVENUE
VIRGINIA DEPARTMENT OF TAXATION
PO BOX 1500
RICHMOND VA 23218-1500

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.57** | **Priority creditor's name and mailing address**

As of the petition filing date, the claim is:
Check all that apply.

Total claim: UNDETERMINED    Priority amount: UNDETERMINED

VIRGINIA DEPARTMENT OF TAXATION
DEPARTMENT OF TAXATION
P.O. BOX 1103
RICHMOND VA 23218-1103

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

**2.58** | **Priority creditor's name and mailing address**

As of the petition filing date, the claim is:
Check all that apply.

Total claim: UNDETERMINED    Priority amount: UNDETERMINED

VIRGINIA LITTER TAX
DEPARTMENT OF TAXATION
P.O. BOX 1103
RICHMOND VA 23218-1103

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Last 4 digits of account number**

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim:**

■ No
☐ Yes

---

Debtor   **HOA Franchising, LLC** _____   Case number (if known)   **25-80099** _____
          Name

|  | Total claim | Priority amount |
|---|---|---|
| 2.59   **Priority creditor's name and mailing address** | UNDETERMINED | UNDETERMINED |

**Priority creditor's name and mailing address**

WISCONSIN DEPARTMENT OF REVENUE
WISCONSIN DEPARTMENT OF REVENUE
P.O. BOX 93389
MILWAUKEE WI 53293-0389

**As of the petition filing date, the claim is:**
Check all that apply.

■ Contingent
■ Unliquidated
■ Disputed

**Date or dates debt was incurred**
VARIOUS

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**

■ No
☐ Yes

| Debtor | **HOA Franchising, LLC** | Case number (if known) | **25-80099** |
|---|---|---|---|

Name

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

**3.1** Nonpriority creditor's name and mailing address

HOOTERS OF AMERICA, LLC
1815 THE EXCHANGE SE
ATLANTA GA 30339

As of the petition filing date, the claim is: Check all that apply

■ Contingent
■ Unliquidated
☐ Disputed

**$96,136.74**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** INTERCOMPANY PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ■ No ☐ Yes

**3.2** Nonpriority creditor's name and mailing address

MS FOODS, LLC MAHMOOD SAIFIE
CAIOLA & ROSE, LLC; ANNE P. CAIOLA
LINDSAY MITCHELL HENNER
125 CLAIREMONT AVENUE, SUITE 240
DECATUR GA 30030

As of the petition filing date, the claim is: Check all that apply

■ Contingent
■ Unliquidated
■ Disputed

**UNDETERMINED**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** LITIGATION

**Last 4 digits of account number**

**Is the claim subject to offset?** ■ No ☐ Yes

**3.3** Nonpriority creditor's name and mailing address

WINGS OF SOUTH FLORIDA, LLC
LAW OFFICES OF SEILER, SAUTTER, ZADEN, RIMES & WAHLBRINK
RICHARD J. ZADEN
2850 NORTH ANDREWS AVE
FORT LAUDERDALE FL 33311

As of the petition filing date, the claim is: Check all that apply

■ Contingent
■ Unliquidated
■ Disputed

**UNDETERMINED**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** LITIGATION

**Last 4 digits of account number**

**Is the claim subject to offset?** ■ No ☐ Yes

| Debtor | **HOA Franchising, LLC** | | Case number (if known) | **25-80099** |
| --- | --- | --- | --- | --- |
| | Name | | | |

| Part 3: | List Others to Be Notified About Unsecured Claims |
| --- | --- |

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed ? | Last 4 digits of account number, if any |
| --- | --- | --- |

| Debtor | **HOA Franchising, LLC** | Case number (if known) | **25-80099** |
|---|---|---|---|
| | Name | | |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. $ | **Undetermined** |
| **5b. Total claims from Part 2** | 5b. + $ | **96,136.74**<br>**plus undetermined amounts** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. $ | **96,136.74**<br>**plus undetermined amounts** |

**Fill in this information to identify the case:**

Debtor name      **HOA Franchising, LLC**

United States Bankruptcy Court for the:      **Northern District of Texas (Dallas)**

Case number (if known)      **25-80099**

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contacts of leases are listed on Schedule A/B: Assets - Real and Personal Property
(Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | PROPOSAL OF PROFESSIONAL SERVICES | |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | ARCO ABOGADOS Y ASESORES TRIBUTARIOS SLP ATTN: GENERAL COUNSEL C MARQUES DE LA ENSENADA 2, 1 MADRID 28004 SPAIN |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** | STATEMENT OF WORK (PURSUANT TO 01/28/2022 AGREEMENT) | |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | BDO ATTN: GENERAL COUNSEL 1180 PEACHTREE ST NE STE 1950 ATLANTA GA 30309 |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest** | RETAINER AGREEMENT FOR LEGAL SERVICES | |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | LEVENE NEALE BENDER YOO & GOLUBCHIK LLP ATTN: EVE H KARASIK 2818 LA CIENEGA AVE LOS ANGELES CA 90034 |

**Fill in this information to identify the case:**

Debtor name    **HOA Franchising, LLC**

United States Bankruptcy Court for the:    **Northern District of Texas (Dallas)**

Case number (if known)    **25-80099**

☐ Check if this is an amended filing

Official Form 206H
# Schedule H: Your Codebtors

**12/15**

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | DW RESTAURANT HOLDER, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D   2.2 <br> ☐ E/F <br> ☐ G |
| 2.2 | DW RESTAURANT HOLDER, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D   2.1 <br> ☐ E/F <br> ☐ G |
| 2.3 | HI LIMITED PARTNERSHIP | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D   2.1 <br> ☐ E/F <br> ☐ G |
| 2.4 | HI LIMITED PARTNERSHIP | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D   2.2 <br> ☐ E/F <br> ☐ G |

| Debtor | **HOA Franchising, LLC** | | Case number (if known) | **25-80099** |
| | Name | | | |

| | | | | | |
|---|---|---|---|---|---|
| 2.5 | HOA FUNDING, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D ☐ E/F ☐ G | 2.2 |
| 2.6 | HOA FUNDING, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D ☐ E/F ☐ G | 2.1 |
| 2.7 | HOA HOLDCO, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D ☐ E/F ☐ G | 2.1 |
| 2.8 | HOA HOLDCO, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D ☐ E/F ☐ G | 2.2 |
| 2.9 | HOA IP GP, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D ☐ E/F ☐ G | 2.2 |
| 2.10 | HOA IP GP, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D ☐ E/F ☐ G | 2.1 |
| 2.11 | HOA KANSAS RESTAURANT HOLDER, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D ☐ E/F ☐ G | 2.1 |
| 2.12 | HOA KANSAS RESTAURANT HOLDER, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D ☐ E/F ☐ G | 2.2 |
| 2.13 | HOA LAUREL, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D ☐ E/F ☐ G | 2.2 |

| Debtor | **HOA Franchising, LLC** | | Case number (if known) | **25-80099** |
| | Name | | | |

| | | | | | |
|---|---|---|---|---|---|
| 2.14 | HOA LAUREL, LLC | 1815 THE EXCHANGE SE<br>ATLANTA GA 30339 | CITIBANK, N.A., AS<br>TRUSTEE AND SECURITIES<br>INTERMEDIARY | ■ D<br>☐ E/F<br>☐ G | 2.1 |
| 2.15 | HOA MARYLAND<br>RESTAURANT HOLDER, LLC | 1815 THE EXCHANGE SE<br>ATLANTA GA 30339 | CITIBANK, N.A., AS<br>TRUSTEE AND SECURITIES<br>INTERMEDIARY | ■ D<br>☐ E/F<br>☐ G | 2.1 |
| 2.16 | HOA MARYLAND<br>RESTAURANT HOLDER, LLC | 1815 THE EXCHANGE SE<br>ATLANTA GA 30339 | CITIBANK, N.A., AS<br>TRUSTEE AND SECURITIES<br>INTERMEDIARY | ■ D<br>☐ E/F<br>☐ G | 2.2 |
| 2.17 | HOA RESTAURANT HOLDER,<br>LLC | 1815 THE EXCHANGE SE<br>ATLANTA GA 30339 | CITIBANK, N.A., AS<br>TRUSTEE AND SECURITIES<br>INTERMEDIARY | ■ D<br>☐ E/F<br>☐ G | 2.2 |
| 2.18 | HOA RESTAURANT HOLDER,<br>LLC | 1815 THE EXCHANGE SE<br>ATLANTA GA 30339 | CITIBANK, N.A., AS<br>TRUSTEE AND SECURITIES<br>INTERMEDIARY | ■ D<br>☐ E/F<br>☐ G | 2.1 |
| 2.19 | HOA SYSTEMS, LLC | 1815 THE EXCHANGE SE<br>ATLANTA GA 30339 | CITIBANK, N.A., AS<br>TRUSTEE AND SECURITIES<br>INTERMEDIARY | ■ D<br>☐ E/F<br>☐ G | 2.1 |
| 2.20 | HOA SYSTEMS, LLC | 1815 THE EXCHANGE SE<br>ATLANTA GA 30339 | CITIBANK, N.A., AS<br>TRUSTEE AND SECURITIES<br>INTERMEDIARY | ■ D<br>☐ E/F<br>☐ G | 2.2 |
| 2.21 | HOA TOWSON, LLC | 1815 THE EXCHANGE SE<br>ATLANTA GA 30339 | CITIBANK, N.A., AS<br>TRUSTEE AND SECURITIES<br>INTERMEDIARY | ■ D<br>☐ E/F<br>☐ G | 2.2 |
| 2.22 | HOA TOWSON, LLC | 1815 THE EXCHANGE SE<br>ATLANTA GA 30339 | CITIBANK, N.A., AS<br>TRUSTEE AND SECURITIES<br>INTERMEDIARY | ■ D<br>☐ E/F<br>☐ G | 2.1 |

| Debtor | **HOA Franchising, LLC** | | Case number (if known) | **25-80099** |
|---|---|---|---|---|
| | Name | | | |

| | | | | |
|---|---|---|---|---|
| 2.23 | HOA WALDORF, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D   2.1 <br> ☐ E/F <br> ☐ G |
| 2.24 | HOA WALDORF, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D   2.2 <br> ☐ E/F <br> ☐ G |
| 2.25 | HOOTS FRANCHISING, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D   2.2 <br> ☐ E/F <br> ☐ G |
| 2.26 | HOOTS FRANCHISING, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D   2.1 <br> ☐ E/F <br> ☐ G |
| 2.27 | HOOTS RESTAURANT HOLDER, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D   2.1 <br> ☐ E/F <br> ☐ G |
| 2.28 | HOOTS RESTAURANT HOLDER, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D   2.2 <br> ☐ E/F <br> ☐ G |
| 2.29 | TW RESTAURANT HOLDER, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D   2.2 <br> ☐ E/F <br> ☐ G |
| 2.30 | TW RESTAURANT HOLDER, LLC | 1815 THE EXCHANGE SE ATLANTA GA 30339 | CITIBANK, N.A., AS TRUSTEE AND SECURITIES INTERMEDIARY | ■ D   2.1 <br> ☐ E/F <br> ☐ G |

<table>
<tr><td colspan="2" style="background:black;color:white">Fill in this information to identify the case:</td></tr>
</table>

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **HOA Franchising, LLC** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF TEXAS (DALLAS) |
| Case number (if known) | **25-80099** |

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | |
|---|---|
| ■ | **Declaration and Signature** |

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■ *Schedule H: Codebtors* (Official Form 206H)

■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **May 15, 2025** | Χ **/s/ Keith Maib** |
| | | Signature of individual signing on behalf of the debtor |
| | | **Keith Maib** |
| | | Printed name |
| | | **Chief Restructuring Officer** |
| | | Position or relationship to debtor |

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors